# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Nationwide Life Insurance Company,<br>　　　　Interpleader Plaintiff,<br><br>　　v.<br><br>The Commonwealth of Massachusetts;<br>Christopher R. Anderson; Scott A. Anderson;<br>and Jeff J. Anderson,<br><br>　　　　Interpleader Defendants. | Civil Action 20-10239 |

## COMPLAINT FOR INTERPLEADER

Interpleader Plaintiff Nationwide Life Insurance Company ("Nationwide"), by and through its undersigned counsel, hereby files this Complaint for Interpleader pursuant to 28 U.S.C. § 1335 against The Commonwealth of Massachusetts, Christopher R. Anderson, Scott A. Anderson, and Jeff J. Anderson (collectively, the "Interpleader Defendants"), and in support thereof, states as follows:

## INTRODUCTION

1.　　This is an interpleader action in which Nationwide, an innocent stakeholder of the proceeds of two annuity contracts issued on the life of now deceased Robert E. Anderson (the "Annuitant"), seeks interpleader relief to avoid the risk of double or multiple liability resulting from a dispute over the proper beneficiary or beneficiaries of the annuity proceeds.

## PARTIES

2.　　Nationwide is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio.

3. Interpleader Defendant The Commonwealth of Massachusetts (the "Commonwealth") is a sovereign state within the United States of America.

4. Interpleader Defendant Christopher R. Anderson is a resident and citizen of Massachusetts.

5. Interpleader Defendant Scott A. Anderson is a resident and citizen of Mississippi.

6. Interpleader Defendant Jeff J. Anderson, is a resident and citizen of Connecticut.

7. Interpleader Defendants Christopher R. Anderson, Scott A. Anderson, and Jeff J. Anderson, are collectively referred to hereinafter as the "Family Claimants".  Upon information and belief, each of the Family Claimants is a son of the Annuitant.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335, because Nationwide has in its custody money or property exceeding $500 for which there are two or more adverse claimants of diverse citizenship.

9. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) because one or more of the Interpleader Defendants reside in this judicial district.

## FACTUAL ALLEGATIONS

10. In 2016, Nationwide issued two annuity contracts to the Annuitant:  Contract No. 031315142 and Contract No. 031315143 (collectively, the "Annuities").

11. The Annuitant named the Commonwealth as the primary beneficiary of the Annuities "to the extent of the total amount of medical assistance paid on behalf of the annuitant." The Annuitant designated that the remaining balance be paid to the Family Claimants.

12. Additionally, in March 2017, the Commonwealth submitted to Nationwide a "Notice of Preferred Remainder Beneficiary/Annuity Tracking Form," signed by the Annuitant, which named the "Commonwealth of Massachusetts" as the "First position beneficiary."

13. Upon information and belief, the Annuitant died in August 2019.

14. Following the Annuitant's death, both the Commonwealth and the Family Claimants submitted claims for the remaining benefits due under the Annuities (the "Annuity Proceeds").

15. Additionally, on January 7, 2020, Nationwide received a Rule 93A demand letter from Interpleader Defendant Christopher R. Anderson, demanding that Nationwide pay the Annuity Proceeds to the Family Claimants.  Mr. Anderson threatened that he would initiate suit against Nationwide for breach of contract, breach of the covenant of good faith and fair dealing, declaratory judgment, and violations of M.G.L. c. 93A if Nationwide did not pay the Family Claimants the Annuity Proceeds.

16. After receiving these competing claims, Nationwide communicated with both the Commonwealth and the Family Claimants in hopes of resolving the dispute without involving the Court.  As of the time of this filing, however, neither of the competing claimants have agreed to withdraw their respective claims to the Annuity Proceeds.

## **CLAIM FOR INTERPLEADER**

17. Nationwide incorporates by reference each preceding paragraph as if fully set forth herein.

18. Nationwide admits that the Annuity Proceeds are payable by reason of the death of the Annuitant.  However, in light of the competing claims in this case, Nationwide is at risk of being subject to double or multiple liability.

19. The Commonwealth and the Family Claimants are competing claimants with respect to the Annuity Proceeds, and a single interpleader action is necessary to protect Nationwide from being exposed to double or multiple liability, as well as the extracontractual liability threatened in the Rule 93A demand letter.

20. Nationwide is a disinterested stakeholder with respect to whom the Annuity Proceeds should be paid. Nationwide has no legal interest in the outcome of any dispute that may exist among any of the Interpleader Defendants with respect to their claims to the Annuity Proceeds. Nationwide has been unfairly drawn into this dispute and brings this interpleader action as the only appropriate recourse to resolve all possible disputes among the Interpleader Defendants with respect to their claims to the Annuity Proceeds.

21. Nationwide is ready, willing, and able to tender the Annuity Proceeds to the Clerk of the Court or other Court-ordered escrow representative.

22. Upon tender of the Annuity Proceeds, Nationwide should be dismissed with prejudice from any further involvement or participation in this action. Thereafter, the Interpleader Defendants should be required to interplead with each other to determine their respective rights, if any, to the Annuity Proceeds.

23. Nationwide has incurred costs and fees related to this interpleader action to resolve the competing claims to the Annuity Proceeds. Nationwide requests an award of its costs and reasonable attorneys' fees to be deducted from the Annuity Proceeds prior to deposit with the Clerk of Court.

## **RELIEF REQUESTED**

WHEREFORE, Nationwide respectfully requests that the Court enter an Order in favor of Nationwide and against the Interpleader Defendants as follows:

a.  Authorizing Nationwide to deposit with the Clerk of the Court or other Court-ordered escrow representative, the Annuity Proceeds that are payable under the Annuities due to the death of the Annuitant;

b.  Requiring the Interpleader Defendants to interplead with each other to determine their respective rights, if any, to the Annuity Proceeds;

c.  Declaring that Nationwide has no further liability with respect to the Annuities, including the Annuity Proceeds, and no further liability to any of the Interpleader Defendants;

d.  Enjoining and restraining the Interpleader Defendants, their agents, attorneys or assigns from instituting any action of proceeding in any state or federal court against Nationwide related to the Annuities or the Annuity Proceeds or seeking any contractual or extracontractual damages from Nationwide related thereto;

e.  Dismissing and discharging Nationwide from this action with prejudice;

f.  Awarding Nationwide its reasonable attorneys' fees and costs incurred to be paid from the Annuity Proceeds; and

g.  Awarding Nationwide any other or further relief that the Court deems appropriate.

Dated: February 7, 2020

Respectfully submitted,

  /s/ Matthew C. Welnicki
Matthew C. Welnicki (BBO 647104)
**MELICK & PORTER, LLP**
One Liberty Square
Boston, MA 02109
Tel.: (617) 502-9659
Fax: (617) 523-8130
mwelnicki@melicklaw.com

John M. Bloor
**FAEGRE DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, PA 19107
Tel.: (215) 988-2736
Fax.: (215) 988-2757
john.bloor@faegredrinker.com

*Counsel for Interpleader Plaintiff*
*Nationwide Life Insurance Company*